<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number (*if known*): _____    Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **STG Logistics, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **St. George Warehousing & Trucking Co. of California, Inc.;**<br><br>**St. George Warehousing and Trucking of California, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **95-4248624** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |

**5165 Emerald Parkway**
Number        Street

Number        Street

P.O. Box

**Dublin**            **Ohio**    **43017**
City            State    Zip Code

City                State    Zip Code

**Location of principal assets, if different from principal place of business**

**Franklin County**
County

Number        Street

City                State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.stgusa.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    __STG Logistics, Inc._____    Case number *(if known)*  _____
                    Name

| | |
|---|---|
| **7.  Describe debtor's business** | A.  *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4841 – General Freight Trucking**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District  _____  When  _____  Case number  _____
                                                  MM/DD/YYYY

            District  _____  When  _____  Case number  _____
                                                  MM/DD/YYYY

Debtor    **STG Logistics, Inc.**
Name _____    Case number *(if known)* _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.    Debtor    **See Rider 1**    Relationship    **Affiliate**

List all cases. If more than 1, attach a separate list.

District    **District of New Jersey**

When    **01/12/2026**
MM/DD/YYYY

Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____
City                    State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | STG Logistics, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| ■ | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _01/12/2026_
                          MM/DD/YYYY

✖    _/s/ Tyler Holtgreven_                                          Tyler Holtgreven
      Signature of authorized representative of debtor         Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

✖    _/s/ Michael D. Sirota_                    Date        _01/12/2026_
      Signature of attorney for debtor                              MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number                        Street

**Hackensack**                                          **New Jersey**        **07601**
City                                                             State              ZIP Code

**(201) 489-3000**                                   **msirota@coleschotz.com**
Contact phone                                         Email address

**014321986**                        **New Jersey**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**

(State)

Case number *(if known)*: _____    Chapter __**11**__

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of STG Logistics, Inc.

- STG Logistics, Inc.
- Apple Zebra CFS, LLC
- Best Dedicated Solutions, LLC
- Cargo Manager Systems, Inc.
- CDC Transport, L.L.C.
- Channel Distribution Corporation
- Charleston Harbor Xpress (CHX), Inc.
- Clear Lane Freight Systems, LLC
- Con-Way Multimodal Inc.
- CTI Services, LLC
- Explore Airtrans Services (EAS), LLC
- Extra Express (Atlanta) Inc.
- Extra Express (Cerritos) Inc.
- Extra Express (Denver) Inc.
- Extra Express (Industry) Inc.
- Extra Express (Las Vegas) Inc.
- Extra Express (Logistics) Inc.
- Extra Express Holdings, LLC
- F & F Fumigation, Inc.
- Freight Force, LLC
- International Warehouse Services, Inc.
- J&J International of California, LLC
- J&J International, LLC
- Manufacturers Consolidation Services of Canada, Inc.
- Mardel Coast Trucking (MCT), Inc.
- Neutral Air, LLC
- Neutral Ground, LLC
- Neutral Sea, LLC
- Neutralogistics Customs Brokerage, LLC
- Neutralogistics Distribution, LLC
- Neutralogistics, LLC
- P2D Parent, LLC
- P2D Transport, LLC
- PDS Trucking, Inc.
- Reception Holdings, L.P.
- Reception Intermediate Holdings, LLC
- Reception Mezzanine Holdings, LLC
- Reception Newco Holdings, LLC
- Reception Purchaser, LLC
- SNW Transport LLC
- St George Trucking & Warehousing Inc.
- St. George Distribution, LLC
- St. George Employee Leasing, Inc.
- St. George USA, LLC
- St. George Warehouse & Trucking Co. of Texas, Inc.
- St. George Warehouse of IL, Inc.
- St. George Warehouse of Oakland, Inc.
- St. George Warehouse of Savannah, LLC
- St. George Warehouse of So. Carolina, Inc.
- STG Acquisition Corp.
- STG Cartage, LLC
- STG Distribution Holdings, LLC
- STG Distribution Services, Inc.
- STG Distribution, LLC
- STG Drayage, LLC
- STG Intermodal Services, LLC
- STG Intermodal Solutions, Inc.
- STG Intermodal, Inc.
- STG LTL, Inc.
- STG Port Services, LLC
- STG Stacktrain, LLC
- STG Transport Services, LLC
- STG Transportation Solutions, LLC
- Summit NW Corporation
- Veeco Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| STG LOGISTICS, INC., | ) | Case No. 26-_____(___) |
|  | ) |  |
| Debtor. | ) |  |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| STG Acquisition Corp. | 5165 Emerald Parkway Dublin, Ohio 43017 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                                          )
In re:                                                  )    Chapter 11
                                                          )
STG LOGISTICS, INC.,                        )    Case No. 26-_____(____)
                                                          )
                        Debtor.                       )
_____)

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| STG Acquisition Corp. | 100% |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:    STG Logistics, Inc. |
| United States Bankruptcy Court for the:    District of New Jersey |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | UNION PACIFIC RAILROAD 1400 DOUGLAS STREET OMAHA, NE 68179 | CONTACT: JOSHUA RODRIGUEZ PHONE: (402) 544-5000 JOSHUA.RODRIGUEZ@UP.COM | TRADE DEBT | | | | $13,443,057.54 |
| 2 | CSX INTERMODAL PO BOX 532601 ATLANTA, GA 30353 | CONTACT: BORIS MIHALJEVIC-KUKOLJ PHONE: (877) 744-7279 BORIS_MIHALJEVIC-KUKOLJI@CSX.COM | TRADE DEBT | | | | $1,411,583.46 |
| 3 | KANSAS CITY SOUTHERN DE MEXICO SA DE CV AVENIDA MANUEL L. BARRAGAN NO. 4850 NORTE COLONIA HIDALGO MONTERREY, NUEVO LEON (MX-NLE) 64290 MEXICO | CONTACT: LARRY LAWRENCE PHONE: 52-818-305-7900 CGONZALEZ@MSMS.COM.MX | TRADE DEBT | | | | $1,365,346.37 |
| 4 | PERSONAL HR SERVICES LLC C/O REV CAPITAL PO BOX 741791 LOS ANGELES, CA 90074 | CONTACT: JERRI ESCALANTE PHONE: (855) 879-1511 JERRI@PERSONALHRSEV.COM | TRADE DEBT | | | | $1,231,363.19 |
| 5 | APF-FBO VITALITY STAFFING SOLUTIONS LLC PO BOX 823461 PHILADELPHIA, PA 19182-3461 | CONTACT: ANDREA ZAPATA PHONE: (908) 469-1770 AZAPATA@VITALITYSTAFFING.COM | TRADE DEBT | | | | $1,026,475.31 |
| 6 | SELECTIVE PERSONNEL INC 11518 TELEGRAPH RD 255 SANTA FE SPRINGS, CA 90670 | CONTACT: KAREN CHAVEZ KAREN@SPSTAFF.COM | TRADE DEBT | | | | $957,069.68 |

Debtor: STG Logistics, Inc.                                                    Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  RTS FINANCIAL SERVICE INC PO BOX 840267 DALLAS, TX 75284 | CONTACT: JOE MCCARTHY PHONE: (480) 741-0012 JMCCARTHY@RTSFINANCIAL.COM | TRADE DEBT | | | | $894,802.91 |
| 8  PRODRIVERS PO BOX 102409 ATLANTA, GA 30368 | CONTACT: BECKY BRIGHT PHONE: (972) 791-8096 REBECCA.BRIGHT@EMPLOYBRIDGE.COM | TRADE DEBT | | | | $818,363.08 |
| 9  EVANS DELIVERY COMPANY, INC. 78 JOHN MILLER WAY 1029 KEARNY, NJ 07032 | CONTACT: JORDAN CARLSON PHONE: (678) 379-2389 JORDAN.CARLSON@EVANSDELIVERY.COM | TRADE DEBT | | | | $723,519.25 |
| 10  PENSKE TRUCK LEASING CO.,L.P. 675 MORGANTOWN RD ATTN: JAY WU READING, PA 19607 | CONTACT: DAIVD PEARSALL PHONE: (866) 999-9514 DAVID.PEARSALL@PENSKE.COM | TRADE DEBT | | | | $620,722.09 |
| 11  TRIUMPH FINANCIAL SERVICES, LLC PO BOX 610028 DALLAS, TX 75261 | CONTACT: TARRA SCHEIL PHONE: (214) 513-9600 AR@TFOM/CP | TRADE DEBT | | | | $534,905.43 |
| 12  FLEET YARDS INC 893 W 16TH ST NEWPORT BEACH, CA 92663 | CONTACT: DAN OTTING PHONE: (949) 246-6000 DAN@FLEETYARDSINC.COM | TRADE DEBT | | | | $516,519.90 |
| 13  LEAN STAFFING SOLUTIONS INC 11555 HERON BAY BLVD SUITE 301 CORAL SPRINGS, FL 33076 | CONTACT: KASIA ASKLAR PHONE: (954) 527-3923 KASKLAR@LEANGROUP.COM | TRADE DEBT | | | | $441,221.13 |
| 14  XTIUM, INC 4025 TAMPA ROAD OLDSMAR, FL 34677 | CONTACT: DAVID GRAFFIA PHONE: (847) 212-6618 DGRAFFIA@ATSG.NET | TRADE DEBT | | | | $437,123.66 |
| 15  WHITECROW INC 2366 E PACIFICA PLACE COMPTON, CA 90220 | CONTACT: BARBARA POTUCKET PHONE: (310) 208-7117 BARBARA.POTUCKET@WHITECROW.LTD | TRADE DEBT | | | | $385,434.41 |
| 16  E & A TRANSPROS INC 2317 LANDMEIER RD ELK GROVE VILLAGE, IL 60007 | CONTACT: SEFIK SAKINOVIC PHONE: (847) 981-5373 SEFIK.SAKINOVIC@EATRANSPROS.COM | TRADE DEBT | | | | $330,702.74 |
| 17  SILVER LION TRADE SERVICES LLC 45180 GLOBAL PLAZA STERLING, VA 20166 | CONTACT: GUY WILBURN PHONE: (703) 787-2001 GUY.WILBURN@SILVERLION164.COM | TRADE DEBT | | | | $327,152.45 |
| 18  INFOSYS LIMITED ELECTRONICS CITY HOSUR ROAD BANGALORE INDIA | CONTACT: MADAN MOHAN REDDY CHIRRA MADAN_CHIRRA@INFOSYS.COM | TRADE DEBT | | | | $323,210.89 |
| 19  LOCAL 295 LOCAL 851 PENSION FUND 655 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | CONTACT: VALERIE ORSARIS PHONE: (516) 568-1970 VORSARIS@LOCAL295.COM | PENSION LIABILITY | | | | $280,004.00 |

Debtor: STG Logistics, Inc.                                                  Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | DISTRIBUTORS TRANSPORT, INC. 21443 N. 23RD AVE SUITE 3 PHOENIX, AZ 85027 | CONTACT: SANDRA VENNEL PHONE: (407) 856-4760 SANDIV@DTIFFMCO.COM | TRADE DEBT | | | | $270,639.77 |
| 21 | NORFOLK SOUTHERN RAILROAD PO BOX 532797 ATLANTA, GA 30353 | CONTACT: GRANT HARCLERODE PHONE: (855) 667-3655 GRANT.HARCLERODE@NSCORP.COM | TRADE DEBT | | | | $264,350.15 |
| 22 | LSI GREAT STAFFING PARTNER LLC 250 N. KANSAS WICHITA, KS 67214 | CONTACT: EDNA ESCOBAR PHONE: (281) 459-0082 EESCOBAR@LSISTAFFING.COM | TRADE DEBT | | | | $260,085.77 |
| 23 | CUB TERMINAL LLC 557 W POLK STREET SUITE 201 CHICAGO, IL 60607 | CONTACT: SARAH RAILA SRAILA@CUBTERMINAL.COM | TRADE DEBT | | | | $259,370.03 |
| 24 | ONE USA EXPRESS INC 8064 ROSS ST EASTVALE, CA 92880 | CONTACT: MONICA ZHANG PHONE: (657) 225-2222 MONICA@ONEUSA.EXPRESS.COM | TRADE DEBT | | | | $240,691.48 |
| 25 | APEX CAPITAL CORP 301 COMMERCE ST SUITE 1200 FORT WORTH, TX 76102 | CONTACT: DEVIN WALKER PHONE: (800) 511-6022 DEVIN.WALKER@APEXCAPITALCORP.COM | TRADE DEBT | | | | $240,239.25 |
| 26 | STAR ACCURATE INTERMODAL INC 816 W. 74TH ST. LOS ANGELES, CA 90044 | CONTACT: MELANIE STAR LOPEZ PHONE: (323) 400-7660 MELANI@SAINTERMODAL.COM | TRADE DEBT | | | | $202,659.61 |
| 27 | WEX FLEET ONE 3102 WEST END AVE SUITE 900 NASHVILLE, TN 37203 | CONTACT: LAKISHA CARLOCK PHONE: (877) 275-8801 LAKISHA.CARLOCK@WEXINC.COM | TRADE DEBT | | | | $200,098.97 |
| 28 | OTR SOLUTIONS 1000 HOLCOMB WOODS PARKWAY BUILDING 300, SUITE 315A ROSWELL, GA 30076 | CONTACT: DIONNA GREEN PHONE: (770) 400-0845 DIONNA.GREEN@OTRSOLUTIONS.COM | TRADE DEBT | | | | $197,358.15 |
| 29 | DEPT OF LABOR - CA EDD 10330 PIONEER BLVD SUITE 150 SANTA FE SPRINGS, CA 90670 | CONTACT: EMPLOYMENT DEVELOPMENT DEPARTMENT, LUKE KHOKLAN PHONE: (916) 654-8410 LUKE.KHOKLAN@EDD.CA.GOV | LITIGATION | CUD | | | Undetermined |
| 30 | DEPT OF LABOR - NJ NEW JERSEY DIVISION OF LAW 124 HALSEY ST. 5TH FLOOR NEWARK, NJ 07102 | CONTACT: ATTORNEY GENERAL OF NEW JERSEY, MARC PERALTA PHONE: (609) 696-5362 MARC.PERALTA@LAW.NJOAG.COM | LITIGATION | CUD | | | Undetermined |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name: | **STG Logistics, Inc.** |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | **01/12/2026** | ☒ | **/s/ Tyler Holtgreven** |
| | MM/DD/YYYY | | Signature of individual signing on behalf of debtor |
| | | | **Tyler Holtgreven** |
| | | | Printed name |
| | | | **Chief Financial Officer** |
| | | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**WRITTEN CONSENT IN LIEU OF A MEETING OF THE**
**SPECIAL COMMITTEES OF THE BOARD OF SUPERVISORS**
**OF RECEPTION HOLDINGS, L.P., AND THE BOARDS OF MANAGERS OF**
**RECEPTION MEZZANINE HOLDINGS, LLC AND RECEPTION PURCHASER, LLC**

January 11, 2026

The undersigned, being the sole member of each special committee (each a "Special Committee" and together, the "Special Committees") of the applicable governing body (each, a "Governing Body" and collectively, the "Governing Bodies"), of each entity set forth above (each, a "Company" and collectively, the "Companies"), in such capacity, hereby adopts the following resolutions in accordance with the August 5, 2025 resolutions forming the Special Committee of Reception Holdings, L.P. and the September 21, 2025 resolutions forming the respective Special Committees of Reception Mezzanine Holdings, LLC and Reception Purchaser, LLC, delegating to each Special Committee certain authority, in accordance with each Company's limited liability company agreement or limited partnership agreement, as applicable, and the laws of the state of incorporation, as applicable.

**WHEREAS**, on August 5, 2025, the Governing Body of Reception Holdings, L.P., and on September 21, 2025, the respective Governing Bodies of Reception Mezzanine Holdings, LLC and Reception Purchaser, LLC, each respectively determined, in an exercise of each Governing Body's business judgment, that it was advisable and in the best interests of each Company to constitute, and did so constitute, the Special Committees for the purpose of, among other things, approving any financing transactions, restructuring transactions, and/or other strategic alternatives for the Company and its stakeholders, to the extent a conflict of interest exists or is reasonably likely to exist between each such Company, on the one hand, and any of its current and former supervisors, directors, managers, officers, committee members, special or other committee members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former supervisor, director, or manager in his or her capacity as supervisor, director, or manager of each such Company entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors of such person or entity, and any such person's or entity's respective heirs, executors, estates, and nominees, on the other hand, as reasonably determined by the Special Committee (each, a "Conflict Matter" and collectively, the "Conflicts Matters");

**WHEREAS**, the Special Committees have duly considered certain materials presented by, or on behalf of, each Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding each Company's liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to such Company; and the impact of the foregoing on such Company's business and operations;

**WHEREAS**, the Special Committees have reviewed and considered presentations by Management and the Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the advantages and disadvantages to each Company of the transactions contemplated thereunder;

**WHEREAS**, the Special Committees have reviewed and considered certain materials provided by their legal advisors and discussed Conflict Matters arising under the transactions with their legal advisors;

**WHEREAS**, the Special Committees have determined that the transactions contemplated under the Restructuring Support Agreement constitute a Conflict Matter;

**WHEREAS**, the Restructuring Support Agreement contemplates that each entity listed on Schedule 1 (each, a "Filing Entity" and together with the Companies, the "Filing Entities") will, among other things, file a voluntary petition for relief (each, a "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") or other court of competent jurisdiction;

**WHEREAS**, each of the Filing Entities has requested that the Lenders extend credit in the form of a senior secured superpriority debtor-in-possession credit facility to support these chapter 11 cases;

**WHEREAS**, the Special Committees have reviewed and considered presentations by Management and the Advisors regarding advantages and disadvantages of that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement (as amended, restated, amended and restated, supplemented, or modified from time to time, the "DIP Credit Agreement"), as contemplated by the Restructuring Support Agreement and to be entered into by and among STG Distribution, LLC, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code (the "Borrower"), STG Distribution Holdings, LLC, a Delaware limited liability company, Reception Purchaser, LLC, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, Reception Mezzanine Holdings, LLC, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, the other persons from time to time party thereto as credit parties, the lenders from time to time party thereto (the "Lenders"), and Wilmington Savings Fund Society, FSB, as agent for the Lenders (the "Agent");

**WHEREAS**, the obligations of the Lenders to make the credit extensions to the Borrower under the DIP Credit Agreement are subject to each of the Filing Entities having satisfied certain conditions precedent described in the DIP Credit Agreement;

**WHEREAS**, each of the Filing Entities will obtain benefits from the incurrence of the loans and other obligations under the DIP Credit Agreement and the other Credit Documents (as defined herein) or arising from each DIP Order (as defined herein), which are necessary and convenient to the conduct, promotion, and attainment of the business of each of the Filing Entities;

**WHEREAS**, the Special Committees have determined that the transactions contemplated by the DIP Credit Agreement and the other Credit Documents are in the best interest of each of the Filing Entities and that it is in the best interest of such Filing Entities to (i) execute and deliver the DIP Credit Agreement and any other document or agreement to which it is contemplated to become a party in connection with the transactions contemplated by the DIP Credit Agreement, including, without limitation, each other Credit Document and (ii) authorize officers of each of the Filing Entities to take any and all actions as any such officer may deem appropriate to effect the transactions contemplated by the DIP Credit Agreement and the other Credit Documents;

**WHEREAS**, the Special Committees have had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to such Filing Entities; and

**WHEREAS**, the Special Committees have determined, in their business judgment, that the adoption of the following resolutions is advisable and in the best interest of each of the Filing Entities and its respective stakeholders and other parties in interest.

## <u>VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF</u>

**NOW, THEREFORE, BE IT RESOLVED**, that the Special Committees have determined that it is desirable and in the best interests of each of the Filing Entities, its interest holders, its creditors, and its other parties in interest, that each of the Filing Entities, shall be, and hereby is, in all respects authorized to file, or cause to be filed, the applicable Bankruptcy Petition in the Bankruptcy Court, for such Filing Entities and, in accordance with the requirements of each such Filing Entity's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the respective Bankruptcy Petitions; and

**FURTHER RESOLVED**, that, to effectuate the transactions set forth in this written consent, any supervisor, director, manager, or other duly appointed officer of each of the Filing Entities (each, an "<u>Authorized Person</u>," and collectively, the "<u>Authorized Persons</u>"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to execute and file on behalf of each of the Filing Entities all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operations of each Filing Entity's business.

## <u>RETENTION OF PROFESSIONALS</u>

**RESOLVED**, that each of the Authorized Persons of each of the Filing Entities, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Filing Entity:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (ii) Cole Schotz P.C., as local bankruptcy counsel; (iii) AlixPartners, LLP, as financial advisor; (iv) PJT Partners LP, as investment banker; (v) Epiq Corporate Restructuring, LLC, as

claims, noticing, and solicitation agent and administrative advisor; (vi) White & Case LLP, as independent counsel to Reception Holdings, L.P., Reception Mezzanine Holdings, LLC, and Reception Purchaser LLC, acting at the direction of each of the Special Committees; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Filing Entity in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Filing Entity, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Filing Entity, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that each of the Filing Entities will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Filing Entity, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, and (b) the incurrence of debtor-in-possession financing obligations (such financing obligations, the "DIP Financing") by entering into the DIP Credit Agreement;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, each of the Filing Entities will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form in accordance with the terms of the DIP Credit Agreement and the Restructuring Support Agreement (each, a "DIP Order" and collectively, the "DIP Orders") to be submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that, subject to approval by the Bankruptcy Court, (i) the form, terms, and provisions of the DIP Credit Agreement, the DIP Orders, and each other instrument or document to be delivered or contemplated thereunder or otherwise in connection therewith, including, without limitation, each of the instruments and documents listed below (together with the DIP Credit Agreement and the DIP Orders, collectively, the "Credit Documents"), in accordance with the terms of the DIP Credit Agreement; (ii) each Filing Entity's execution and delivery of the Credit Documents; (iii) each Filing Entity's performance of its obligations under the Credit Documents, including, without limitation, any borrowings, the grant of security in and liens over all, substantially all, and/or other certain assets of each Filing Entity in favor of the Agent or the other Secured Parties and the guaranteeing of obligations and performance under the Credit Documents; (iv) each Filing Entity's making of the representations and warranties and compliance with the covenants under the Credit Documents and the assumption of any obligations under and in respect of the Credit Documents, and (v) the transactions contemplated by the Credit Documents, in each case, be, and hereby are, in all respects, confirmed, authorized, ratified and approved:

(a)    the DIP Credit Agreement;[1]

(b)    any Notes;

(c)    the Security Agreement, together with the other Collateral Documents, to which each Filing Entity is a party, and such other agreements, notices, stock powers, proxies, financing statements, tax affidavits, and other instruments, filings, affidavits, notices, reaffirmations and amendments and restatements of existing documents as the Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the Liens purported to be required pursuant to the Credit Documents to be created in the Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to each Filing Entity's obligations;

(d)    any Mortgages;

(e)    one or more Closing Date Intercompany Notes;

(f)    any intellectual property security agreements or other intellectual property filings;

(g)    such UCC financing statements, fixture filings and other instruments as may be requested by the Agent or any other secured party or as may be necessary or appropriate to create, preserve and perfect the security interests purported to be created by the Credit Documents;

(h)    each treasury services agreement, swap contract, secured hedge agreement, master agreement and any other instruments or certificates as may be requested by the Agent or any other secured party or required by the Credit Documents in connection with, as applicable, cash management services and hedging arrangements, including any obligations owing to any Secured Swap Provider;

(i)    all agreements and other instruments as may be requested by the Agent or any secured party or as may be necessary or appropriate to create, preserve and perfect the security interests purported to be created by the Credit Documents; and

(j)    all such other Credit Documents (for the avoidance of doubt, which is defined in the DIP Credit Agreement), the Agent Fee Letter, the Fronting Fee Letter, the Master Consent to Assignment, pledge agreements, security agreements, intellectual property security agreements, intercreditor agreements, instruments, certificates, notices, documents and agreements as may be requested by the Agent or any other secured party or contemplated by the DIP Credit Agreement or any other Credit Document;

---

[1]    Capitalized terms used but not defined in this written consent have the meaning ascribed to them in the DIP Credit Agreement.

**FURTHER RESOLVED**, that each Filing Entity, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Credit Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such Adequate Protection Obligations;

**FURTHER RESOLVED**, that, to effectuate the transaction set forth in this written consent, each of the Authorized Persons of each Filing Entity be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Filing Entity, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause each Filing Entity's performance of its obligations under the Credit Documents and to effectuate the DIP Transactions, including, but not limited to (i) delivery of the Credit Documents (including, without limitation, any amendments to any Credit Documents) and such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent), and (ii) to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Governing Body of each Filing Entity, with such changes, additions, and modifications thereto as the Authorized Persons of each Filing Entity executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons of each of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Filing Entity to file or to authorize the Agent (or its designee) to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Filing Entity that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Filing Entity and such other filings in respect of intellectual and other property of such Filing Entity, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the DIP Orders; and

**FURTHER RESOLVED**, that each of the Authorized Persons of each of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Filing Entity to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Filing Entity in connection with the foregoing resolutions, in accordance with the terms of the Credit Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Filing Entity's obligations under or in connection with the DIP Orders or any of the other Credit Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## THE RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that the Special Committees have determined in their business judgment that it is desirable and in the best interests of each of the Filing Entities, its creditors, and other stakeholders to enter into the Restructuring Support Agreement and that each Filing Entity's performance of its obligations under the Restructuring Support Agreement, including entry into any of the definitive documentation with respect to the transactions contemplated thereby, the solicitation of votes for a chapter 11 plan of reorganization in accordance with the Restructuring Support Agreement, and the payment of any fees and expenses contemplated to be paid or caused to be paid by any Filing Entity thereunder, be and hereby is, in all respects, authorized and approved; and

**FURTHER RESOLVED**, that, to effectuate the transactions set forth in this written consent, the Authorized Persons of each of the Filing Entities be, and each hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Bankruptcy Petitions, and that such Filing Entity's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

## FURTHER ACTIONS AND PRIOR ACTIONS

**RESOLVED**, that in addition to the specific authorizations conferred upon the Authorized Persons of each of the Filing Entities in these resolutions, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment, shall be determined necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of these resolutions, such determination to be conclusively evidenced by such Authorized Person or Authorized Persons taking such action or execution thereof;

**FURTHER RESOLVED**, that the Governing Body of each of the Filing Entities has received sufficient notice of the actions and transactions relating to the matters contemplated by these resolutions, as may be required by the organizational documents of such Filing Entity, or hereby waives any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by these resolutions done in the name of and on behalf of each of the Filing Entities, which acts would have been approved by these resolutions except that such acts were taken before the adoption of these resolutions, are by these resolutions, in all respects approved, confirmed, and ratified as the true acts and deeds of each Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body of each Filing Entity.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of each Special Committee, duly called and constituted, pursuant to such Filing Entity's governing document and the laws of the state of incorporation/formation of such Filing Entity.

This written consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one instrument.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**SPECIAL COMMITTEES OF THE BOARD OF SUPERVISORS OF RECEPTION HOLDINGS, L.P., THE BOARD OF MANAGERS OF RECEPTION MEZZANINE HOLDINGS, LLC, AND THE BOARD OF MANAGERS OF RECEPTION PURCHASER, LLC:**

Signed by:

David Barse

David Barse

*[Signature Page to Written Consent of the Special Committees]*

## <u>SCHEDULE 1</u>

| No. | Name of the Company | Jurisdiction |
|---|---|---|
| 1 | Apple Zebra CFS, LLC | Delaware |
| 2 | Best Dedicated Solutions, LLC | Illinois |
| 3 | CDC Transport, LLC | Illinois |
| 4 | Clear Lane Freight Systems, LLC | Virginia |
| 5 | CTI Services, LLC | Delaware |
| 6 | Explore Airtrans Services (EAS), LLC | Delaware |
| 7 | Extra Express Holdings, LLC | Delaware |
| 8 | Freight Force, LLC | California |
| 9 | J&J International of California, LLC | Delaware |
| 10 | J&J International, LLC | Delaware |
| 11 | Neutral Air, LLC | Florida |
| 12 | Neutral Ground, LLC | Florida |
| 13 | Neutral Sea, LLC | Florida |
| 14 | Neutralogistics Customs Brokerage, LLC | Florida |
| 15 | Neutralogistics Distribution, LLC | Florida |
| 16 | Neutralogistics, LLC | Florida |
| 17 | P2D Parent, LLC | Delaware |
| 18 | P2D Transport, LLC | Delaware |
| 19 | Reception Intermediate Holdings, LLC | Delaware |
| 20 | Reception Newco Holdings, LLC | Delaware |
| 21 | SNW Transport LLC | Oregon |
| 22 | St. George Distribution, LLC | California |
| 23 | St. George USA, LLC | Delaware |
| 24 | St. George Warehouse of Savannah, LLC | Delaware |
| 25 | STG Cartage, LLC | Delaware |
| 26 | STG Distribution Holdings, LLC | Delaware |
| 27 | STG Distribution, LLC | Delaware |
| 28 | STG Drayage, LLC | Delaware |
| 29 | STG Intermodal Services, LLC | Delaware |
| 30 | STG Port Services, LLC | Delaware |
| 31 | STG Stacktrain, LLC | Delaware |
| 32 | STG Transport Services, LLC | Delaware |
| 33 | STG Transportation Solutions, LLC | Delaware |
| 34 | Veeco Holdings, LLC | Delaware |
| 35 | STG Logistics, Inc. | California |
| 36 | Cargo Manager Systems, Inc. | New Jersey |
| 37 | Channel Distribution Corporation | Illinois |
| 38 | Charleston Harbor XPress (CHX), Inc. | Delaware |
| 39 | Con-Way Multimodal Inc. | Delaware |
| 40 | Extra Express (Atlanta) Inc. | Nevada |

| 41 | Extra Express (Cerritos) Inc. | Nevada |
| 42 | Extra Express (Denver) Inc. | Nevada |
| 43 | Extra Express (Industry) Inc. | Nevada |
| 44 | Extra Express (Las Vegas) Inc. | Nevada |
| 45 | Extra Express (Logistics) Inc. | Nevada |
| 46 | F&F Fumigation, Inc. | Florida |
| 47 | International Warehouse Services, Inc. | Florida |
| 48 | Manufacturers Consolidation Services of Canada, Inc. | Delaware |
| 49 | Mardel Coast Trucking (MCT) Inc. | Delaware |
| 50 | PDS Trucking, Inc. | Delaware |
| 51 | St. George Employee Leasing, Inc. | California |
| 52 | St. George Trucking & Warehousing, Inc. | New Jersey |
| 53 | St. George Warehousing & Trucking Co. of Texas, Inc. | Texas |
| 54 | St. George Warehouse of IL, Inc. | Illinois |
| 55 | St. George Warehouse of Oakland, Inc. | California |
| 56 | St. George Warehouse of So. Carolina, Inc. | Delaware |
| 57 | STG Acquisition Corp. | Delaware |
| 58 | STG Distribution Services, Inc. | Delaware |
| 59 | STG Intermodal Solutions, Inc. | Ohio |
| 60 | STG Intermodal, Inc. | Tennessee |
| 61 | STG LTL, Inc. | California |
| 62 | Summit NW Corporation | Oregon |