**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
Ashley L. Surinak (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
patrick.nash@kirkland.com
yusuf.salloum@kirkland.com
ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>STG LOGISTICS, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-[●] ([●])<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
*IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING
THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion (the "<u>Motion</u>"): [2]

---

[1]   The last four digits of Debtor STG Logistics, Inc.'s tax identification number are 8624. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/STGLogistics. The location of the Debtors' service address in these chapter 11 cases is: 5165 Emerald Parkway, Dublin, Ohio 43017.

[2]   A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Tyler Holtgreven, Chief Financial Officer of STG Logistics, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions*

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**   (the "<u>Order</u>"):   (a) restating   and   enforcing   the   worldwide   automatic   stay,

anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (b) approving

the form and manner of notice related thereto, substantially in the form attached as <u>Exhibit 2</u> to the

Order (the "<u>Notice</u>"); and (c) granting related relief.

2.      The Debtors further seek authority, but not direction, to translate this Motion, the

Order, and/or the Notice into other languages to better inform creditors, governmental units, and

interested parties of the relief requested herein.

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

June 6, 2025 (Bumb, C.J.).  The Debtors confirm their consent to the Court entering a final order

in connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 362, 365, and 525 of

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), rules 6003

and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9013-1

---

(the "<u>First Day Declaration</u>"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

6.    The Debtors, together with their non-Debtor affiliates (collectively, "STG" or the "Company"), are one of North America's largest providers of integrated port-to-door services and supply chain solutions for cargo owners and logistics providers, including intermodal transportation, drayage, transloading, warehousing, and over-the-road and less-than-truckload solutions.  Founded in 1985, the Company began as a warehousing company and has expanded its portfolio over the course of four decades, excelling through the strategic synergy of people, technology, and an extensive network of assets and facilities across North America. Headquartered in Dublin, Ohio, the Debtors now operate approximately 60 locations coast-to-coast with access to every major port and rail ramp in the United States and currently have approximately 1,170 full-time employees.

7.    On January 12, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## The Debtors' Global Network

8.    As further described in the First Day Declaration, the Debtors are one of North America's largest providers of integrated port-to-door services and supply chain solutions.  As of

the Petition Date, the Debtors maintain a comprehensive network of assets and operations consisting of approximately 60 facilities across the United States and provide cross-border services to Mexico and Canada.  In addition, the Debtors provide services to several customers outside of the United States.

9.      Certain Debtors may owe non-U.S. customers prepetition and ongoing obligations, which such parties may attempt to enforce in violation of the automatic stay.  Any such action would adversely affect the Debtors' ability to effectuate their chapter 11 objectives, resulting in irreparable harm to the Debtors' estates and parties in interest.  Additionally, upon the commencement of these chapter 11 cases, foreign counterparties to certain executory contracts could attempt to terminate such contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code.  Similarly, governmental units outside of the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor that are required for the Debtors' ongoing business operations, in violation of sections 362 and 525 of the Bankruptcy Code.

10.      In addition, in the ordinary course of business, certain Debtors may transact with, rely upon, and incur obligations to, providers of products or services and other parties that are based outside of the United States.  Such creditors provide critical services, consisting mostly of transportation and carrier services, that are integral to the Debtors' operations.  Without continued support from their non-U.S. service providers, the Debtors would face severe interruptions to their daily operations.  Concurrent herewith, the Debtors have filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting*

*Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* (the "Critical Vendors Motion").  Pursuant to the Critical Vendors Motion, the Debtors seek authority to satisfy certain prepetition and postpetition claims of non-U.S. trade creditors as and when they come due.  The Debtors anticipate that such relief will help deter parties from attempting to exercise remedies or take adverse action against the Debtors in non-U.S. jurisdictions on account of the commencement of these chapter 11 cases.

11.    The Debtors' foreign suppliers, however, may lack meaningful, if any, relationships with the United States.  As such, non-U.S. creditors and contract counterparties operating in various jurisdictions may be unfamiliar with chapter 11 processes, including the scope of a debtor-in-possession's authority to operate its business and the importance of the automatic stay. As discussed in detail in the Critical Vendors Motion, the Debtors' non-U.S. creditors could attempt to enforce liens against the Debtors' assets.  These creditors and others may attempt to take actions violating the automatic stay to the detriment of the Debtors, their estates, and other creditors.

12.    The Debtors seek the relief requested herein out of an abundance of caution and to assist them in most effectively informing non-U.S. creditors of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help protect the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

## Basis for Relief Requested

**I.      The Court Should Confirm the Protections of the Automatic Stay in Section 362 of the Bankruptcy Code.**

13.      As a result of the commencement of these chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things:  (a) commencing or continuing any judicial, administrative, or other proceeding against any of the Debtors that was or could have been commenced prior to the Petition Date; (b) taking any action to collect, assess, recover, or otherwise enforce a claim against any of the Debtors that arose prepetition; and (c) acting to obtain possession of or to exercise control over property of the estate.  *See* 11 U.S.C. § 362(a)(1), (3), (6).  The injunction contained in section 362 of the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell from creditors in order to permit the debtor to attempt repayment or reorganization."  *See In re Univ. Med. Ctr.*, 973 F.2d 1065, 1084 (3d Cir. 1992).

14.      Given its fundamental importance to a debtor's reorganization efforts, courts broadly construe the Bankruptcy Code's automatic stay provisions.  *See, e.g.*, *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad."); *In re NextWave Pers. Commc'ns, Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed.").  As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and by whomever held.  *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984) (holding that while the debtor may enforce the terms of a contract against a creditor, the creditor is "precluded from . . . enforcing the [contract] terms" of an executory contract prior to the assumption by the debtor); *In re Mirant*, 440 F.3d 238,

252–53 (5th Cir. 2006) (holding that the automatic stay prohibited the termination of a debtor's contract without further relief).

15.     Furthermore, section 362 of the Bankruptcy Code applies worldwide. *See In re Bernard L. Madoff Inv. Secs. LLC*, No. 08-1789 (BRL), 2012 WL 1570859, at *81 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring a foreign creditor's lawsuit); *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998); *In re Nakash*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996).   The Court has authority to fashion appropriate remedies for violations of the automatic stay. *See, e.g.*, 11 U.S.C. §§ 105(a), 362(k); *see also In re C.W. Mining Co.*, 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that a debtor may pursue remedies regarding a stay violation by a contempt motion pursuant to Bankruptcy Rules 9014 and 9020); *In re Meadows*, 396 B.R. 485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k).").

16.     Accordingly, creditors that violate the automatic stay may face sanctions by the Court, whether such violations occur within the territorial jurisdiction of the United States or abroad.   Domestic and foreign creditors unfamiliar with the automatic stay or the scope thereof, however, may attempt to proceed against the Debtors' property, business, operations, or assets despite the commencement of these chapter 11 cases and the potential for sanctions, which would adversely affect the Debtors' operations and potentially jeopardize the Debtors' reorganization efforts.   Accordingly, the Debtors believe that a Court order is necessary and appropriate to reinforce creditor compliance with the automatic stay.

## II.    The Court Should Confirm the Injunction of Governmental Action Under Section 525 of the Bankruptcy Code.

17.    In addition to the automatic stay, other provisions of the Bankruptcy Code provide important protections to debtors.  Section 525(a) of the Bankruptcy Code prohibits governmental units from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.   11 U.S.C. § 525(a); *see In re Psycho-Therapy & Counseling Ctr., Inc.*, 195 B.R. 522, 533 (Bankr. D.D.C. 1996) (holding that the debtor's exclusion from a governmental program on account of its non-payment of a dischargeable debt would interfere with the debtor's breathing spell and fresh start).

18.    Furthermore, filing for chapter 11 bankruptcy protection does not have to be the only motivation behind a governmental unit's actions for the court to find discrimination occurred under section 525 of the Bankruptcy Code.  The Supreme Court set forth the standard to evaluate discrimination under section 525 of the Bankruptcy Code in *FCC v. NextWave Personal Communications, Inc.*, stating that if the *proximate cause* of an act was the debtor filing for bankruptcy or not paying dischargeable debt, a violation of section 525 of the Bankruptcy Code has occurred.  537 U.S. 293, 294 (2003).  In so holding, the Supreme Court did not limit application of section 525 of the Bankruptcy Code to situations where initiation of bankruptcy proceedings was the cause-in-fact of a governmental actor's discriminatory behavior.  *Id.*; *see also In re Env't Source Corp.*, 431 B.R. 315, 323 (Bankr. D. Mass. 2010) (finding that because the debtor's financial incapacity was the proximate cause of the debarment, the other motives of the

Commonwealth in enacting the debarment statute were irrelevant); *In re Valentin*, 309 B.R. 715, 720-22 (Bankr. E.D. Pa. 2004) (finding that a debtor's failure to pay prepetition rent was the proximate cause of the housing authority's decision to evict in violation of section 525 of the Bankruptcy Code). The government entity's motives do not have to be obvious for a court to find that the entity discriminated against a debtor. *See In re McKibben*, 233 B.R. 378, 381 (Bankr. E.D. Tex. 1999). Courts must evaluate the evidence and make an inference as to the government entity's intent. *See In re Ellis*, 493 B.R. 818, 828 (Bankr. D. Colo. 2013).

19.     Section 525 of the Bankruptcy Code is designed to protect property interests, including "license[s], charter[s], franchise[s], and other similar grants," that are not obtainable from the private sector and that are essential to the debtor's fresh start. *In re Jasper*, 325 B.R. 50, 54 (Bankr. D. Me. 2005) (alterations in original) (quoting *In re Stoltz*, 315 F.3d 80, 90 (2nd Cir. 2002)). One purpose behind section 525 of the Bankruptcy Code is to enable a debtor to continue to run its business and to protect a debtor's "means of earning a living or pursuing a livelihood." *In re Elsinore Shore Assocs.*, 66 B.R. 723, 740-41 (Bankr. D.N.J. 1986). Courts have found a violation of section 525 of the Bankruptcy Code where the government action frustrates a debtor's ability to reorganize. *See In re Anderson*, 15 B.R. 399, 400-01 (Bankr. S.D. Miss. 1981) (finding that non-renewal of a liquor license would be a prohibited government action under section 525 of the Bankruptcy Code because it would force the parties to close their retail store, lose their means of earning a living, and ultimately preclude the reorganization of the debtors).

20.     The list of discriminatory acts in section 525 of the Bankruptcy Code is not meant to be exhaustive. *See In re Elsinore Shore Assocs.*, 66 B.R. at 740. Courts have prohibited discrimination even where the type of discrimination was not explicitly listed or did not fit squarely

in section 525 of the Bankruptcy Code. *See, e.g.*, *Perez v. Campbell*, 402 U.S. 637, 648 (1971) (finding that a statute violated the Supremacy Clause because it required the debtor to pay a judgment to get a driver's license reinstated, emphasizing, that "one of the primary purposes of the Bankruptcy Act is to give debtors a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt"); *In re Golliday*, 216 B.R. 407, 411 (Bankr. W.D. Mich. 1998) (finding that a city was prohibited from terminating a debtor's position as elected city commissioner due to a defaulted obligation that was dischargeable in bankruptcy); *see also* H.R. Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), *reprinted in* App. Pt. 4(d)(i) *infra*; S. Rep. No. 989, 95th Cong., 2d Sess. 81 (1978) (explaining that courts are not limited to the discriminatory acts explicitly laid out in section 525 of the Bankruptcy Code but, instead, should, "mark the contours of the anti-discrimination provision in pursuit of sound bankruptcy policy").

21.     The Debtors believe a Court order affirming the prohibition against the actions covered by section 525 of the Bankruptcy Code is necessary and appropriate to discourage foreign states from discriminating against the Debtors.

**III.     The Court Should Confirm the Invalidation of *Ipso Facto* Provisions Under Section 365 of the Bankruptcy Code and Other Contractual Rights.**

22.     Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—thereby invalidating "*ipso facto*" provisions. 11 U.S.C. § 365(e)(1)(B).  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors. *See Bildisco & Bildisco*, 465 U.S. at 531–32.  Third parties must continue to perform under executory contracts

until they are assumed or rejected.  *See In re Calpine Corp.*, No. 06-10678, 2009 Bankr. LEXIS 1041, at \*15 (Bankr. S.D.N.Y. May 7, 2009).

23.     Thus, section 365(e) of the Bankruptcy Code invalidates so-called contractual *ipso facto* provisions that provide for the termination of a contract based solely upon a party's financial condition.  Nevertheless, the Debtors believe that upon learning of the commencement of these chapter 11 cases, foreign counterparties to executory contracts with the Debtors may purpose to terminate such executory contracts in violation of sections 362(a) and 365 of the Bankruptcy Code. Any such action would harm the Debtors' ability to effectuate their chapter 11 objectives. Accordingly, the Debtors believe that a Court order confirming the applicability of sections 362 and 365 of the Bankruptcy Code to the Debtors' executory contracts is necessary and appropriate.

## IV.    The Court Should Grant the Relief Requested Under Section 105(a) of the Bankruptcy Code.

24.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) of the Bankruptcy Code therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See, e.g.*, *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986).  Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are "empowered to invoke equitable principles to achieve fairness and justice in the reorganization process").  Accordingly, the Court has the power to enter an order of the kind requested herein. Granting such relief is fully consistent with the Bankruptcy Code and will facilitate the Debtors' smooth and orderly transition into chapter 11.

25.     The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against . . . a person that is or has been a debtor under this title.").

26.     Despite the automatic effect of these provisions, non-U.S. creditors unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States even though the Debtors have filed voluntary petitions.  Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' ordinary course operations, thereby jeopardizing the Debtors' reorganization and resulting in irreparable harm to the Debtors' estates and interested parties.[3]  Although the automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition Date, the Debtors believe that an order from the Court is necessary and appropriate in light of the Debtors' global operations to best facilitate creditor compliance with the Bankruptcy Code.

27.     To ensure an efficient resolution to the Debtors' reorganization, the Debtors propose herein to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.  The Notice includes a list of all Debtor entities and highlights actions that would violate the automatic stay, absent prior court approval.

---

[3]     Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party.  The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

The form and manner of notice proposed by the Debtors is substantially in the form attached as Exhibit 2 to the Order.  Service of the Notice as set forth herein and in the Order will advance the efficient administration of these chapter 11 cases in the best interests of the Debtors, their estates, and creditors.

28.     Bankruptcy courts in this district and others have entered similar orders restating and enforcing the protections set forth in sections 362, 365, and 525 of the Bankruptcy Code in previous chapter 11 cases under comparable circumstances.  *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 17, 2025) (restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 5, 2025) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Oct. 11, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Mar. 1, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 9, 2023) (same).[4]  Given the critical importance of ensuring that the Debtors' operations are not undermined by noncompliance with U.S. bankruptcy law, similar relief is appropriate here.

29.     The requested relief will help the Debtors to:  (a) inform non-U.S. creditors and interested parties of debtor protections that may be unfamiliar to them; (b) ensure parties to executory contracts with the Debtors continue to perform their duties and obligations thereunder; (c) ensure creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay; (d) ensure governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code, and (e) facilitate the Debtors' orderly transition

---

[4]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request made to the Debtors' proposed counsel.

into chapter 11 and minimize disruptions to their businesses.  Accordingly, the Debtors request

that the Court enter the Order to most effectively enforce the automatic stay, the

anti-discrimination provisions, and the *ipso facto* protections of the Bankruptcy Code.[5]

### **Reservation of Rights**

30.     Notwithstanding anything to the contrary herein, nothing contained in this Motion

or any actions taken pursuant to any order granting the relief requested by this Motion is intended

or should be construed as:  (a) an implication or admission as to the amount of, basis for, or validity

of any particular claim against the Debtors under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute

any particular claim on any grounds; (c) a promise or requirement to pay any particular claim;

(d) an implication, admission, or finding that any particular claim is an administrative expense

claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order

granting the relief requested by this Motion; (e) a request, approval, or authorization to assume,

adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code

(or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an

admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on,

security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or

limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights

under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any

liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief

requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to

---

[5]     As necessary, the Debtors anticipate translating this Motion, the Order, and/or the Notice into other languages in order to better inform creditors, governmental units, and interested parties of the relief requested herein.

contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

**No Prior Request**

31.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

32.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group; (d) counsel to each of the Sponsors; (e) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (f) the office of the attorney general for each of the states in which the Debtors operate; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors request that the Court enter an Order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: January 12, 2026

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            dharris@coleschotz.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
Ashley L. Surinak (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
Email:      patrick.nash@kirkland.com
            yusuf.salloum@kirkland.com
            ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
Ashley L. Surinak (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
patrick.nash@kirkland.com
yusuf.salloum@kirkland.com
ashley.surinak@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| STG LOGISTICS, INC., *et al* | Case No. 26-[●] ([●]) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    The last four digits of Debtor STG Logistics, Inc.'s tax identification number are 8624.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/STGLogistics.  The location of the Debtors' service address in these chapter 11 cases is:  5165 Emerald Parkway, Dublin, Ohio 43017.

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
*IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING
THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]   A complete list of the Debtors in these chapter 11 cases is attached hereto as **Exhibit 1**.

(Page | 4)

| | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      Unless otherwise allowed pursuant to a separate order of the Court, subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby stayed and restrained from:

      a.      commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

      b.      enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

      c.      taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the Debtors' estates or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to seize or reclaim any assets in which the Debtors have legal or equitable interests;

(Page | 5)

| | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

    d.      taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

    e.      taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

    f.      taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

    g.      offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

    h.      commencing or continuing any proceeding concerning the Debtors, subject to the provisions of section 362(b) of the Bankruptcy Code.

4.      Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or any applicable law, all persons are hereby stayed and restrained from terminating or modifying any and all contracts to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases or (b) commencement of these cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such contracts during the postpetition period.

5.      Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited from:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent

| (Page \| 6) | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

6.      For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

7.      The form of Notice, attached as **Exhibit 2** hereto, is approved.  The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.  The Debtors are further authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these chapter 11 cases to any foreign party in interest at the Debtors' discretion.

8.      This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in

(Page | 7)

| | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

this Order or the Motion or any order granting the relief requested by the Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     Nothing in the Motion or this Order waives or modifies the requirements of the Restructuring Support Agreement, including, without limitation, the consent and consultation rights contained therein.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of his Order shall be effective and enforceable immediately upon entry hereof.

(Page | 8)

| | |
|---|---|
| Debtors: | STG LOGISTICS, INC., *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.     The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

15.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## List of Debtors

1. STG Logistics, Inc.
2. Apple Zebra CFS, LLC
3. Best Dedicated Solutions, LLC
4. Cargo Manager Systems, Inc.
5. CDC Transport, L.L.C.
6. Channel Distribution Corporation
7. Charleston Harbor Xpress (CHX), Inc.
8. Clear Lane Freight Systems, LLC
9. Con-Way Multimodal Inc.
10. CTI Services, LLC
11. Explore Airtrans Services (EAS), LLC
12. Extra Express (Atlanta) Inc.
13. Extra Express (Cerritos) Inc.
14. Extra Express (Denver) Inc.
15. Extra Express (Industry) Inc.
16. Extra Express (Las Vegas) Inc.
17. Extra Express (Logistics) Inc.
18. Extra Express Holdings, LLC
19. F & F Fumigation, Inc.
20. Freight Force, LLC
21. International Warehouse Services, Inc.
22. J&J International of California, LLC
23. J&J International, LLC
24. Manufacturers Consolidation Services of Canada, Inc.
25. Mardel Coast Trucking (MCT), Inc.
26. Neutral Air, LLC
27. Neutral Ground, LLC
28. Neutral Sea, LLC
29. Neutralogistics Customs Brokerage, LLC
30. Neutralogistics Distribution, LLC
31. Neutralogistics, LLC
32. P2D Parent, LLC
33. P2D Transport, LLC
34. PDS Trucking, Inc.
35. Reception Holdings, L.P.
36. Reception Intermediate Holdings, LLC
37. Reception Mezzanine Holdings, LLC
38. Reception Newco Holdings, LLC
39. Reception Purchaser, LLC
40. SNW Transport LLC
41. St. George Distribution, LLC
42. St. George Employee Leasing, Inc.
43. St George Trucking & Warehousing Inc.

44. St. George USA, LLC
45. St. George Warehouse & Trucking Co. of Texas, Inc.
46. St. George Warehouse of IL, Inc.
47. St. George Warehouse of Oakland, Inc.
48. St. George Warehouse of Savannah, LLC
49. St. George Warehouse of So. Carolina, Inc.
50. STG Acquisition Corp.
51. STG Cartage, LLC
52. STG Distribution Holdings, LLC
53. STG Distribution Services, Inc.
54. STG Distribution, LLC
55. STG Drayage, LLC
56. STG Intermodal Services, LLC
57. STG Intermodal Solutions, Inc.
58. STG Intermodal, Inc.
59. STG LTL, Inc.
60. STG Port Services, LLC
61. STG Stacktrain, LLC
62. STG Transport Services, LLC
63. STG Transportation Solutions, LLC
64. Summit NW Corporation
65. Veeco Holdings, LLC

**<u>Exhibit 2</u>**

**Form of Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
Ashley L. Surinak (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
patrick.nash@kirkland.com
yusuf.salloum@kirkland.com
ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>STG LOGISTICS, INC., *et al*.,<br><br>                 Debtors. [1] | Chapter 11<br><br>Case No. 26-[●] ([●])<br><br>(Joint Administration Requested) |

**NOTICE OF ENTRY OF AN ORDER**
**(I) RESTATING AND ENFORCING THE WORLDWIDE**
**AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND**
***IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING**
**THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 12, 2026, the above-captioned debtors and

debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the District of New Jersey (the "Court"). The Debtors' chapter 11 cases are pending before the

---

[1]     The last four digits of Debtor STG Logistics, Inc.'s tax identification number are 8624.  A complete list of each
of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and
noticing agent at https://dm.epiq11.com/STGLogistics.  The location of the Debtors' service address in these
chapter 11 cases is:  5165 Emerald Parkway, Dublin, Ohio 43017.

Honorable [●], United States Bankruptcy Judge, and are being jointly administered under the lead case *In re STG Logistics, Inc.*, *et al.*, Case No. 26-[●] (●).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay that is applicable to all entities and protects the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. [___]], entered on [_____], 2026, and attached hereto as **Exhibit A**, all persons (including individuals, partnerships, corporations, and other entities, and all those acting on their behalf) wherever located, persons party to a contract or agreement with the Debtors, and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned cases.  The Debtors expressly reserve the right to contest any claims that may be asserted against them.

behalf) are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

PLEASE TAKE FURTHER NOTICE that a complete list of the Debtors in these chapter 11 cases is attached to the Order as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against, the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

PLEASE TAKE FURTHER NOTICE that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set

forth in the Order, the Bankruptcy Code, and applicable law (whether in or outside of the United States) may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings that may result in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** nothing in the Order expands, enlarges, or limits the rights afforded to any party under the Bankruptcy Code, nor does the Order modify the rights provided under section 362(b) of the Bankruptcy Code, and all rights of parties in interest to assert that any action is subject, or not subject, to the stay and injunction contemplated by section 362 of the Bankruptcy Code and the Order, including because of the operation of section 362(b) of the Bankruptcy Code, are preserved.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by accessing the Debtors' publicly available website at https://dm.epiq11.com/STGLogistics.

Dated: [_____], 2026

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
               wusatine@coleschotz.com
               fyudkin@coleschotz.com
               dharris@coleschotz.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
Ashley L. Surinak (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
Email:     patrick.nash@kirkland.com
               yusuf.salloum@kirkland.com
               ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*